# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MORRIS MILLS, # 335897,

        Petitioner,

v.                                              Case No. 10-10342

NICK LUDWICK,

        Respondent.
_____/

## OPINION AND ORDER GRANTING "MOTION FOR STAY AND ABEYANCE" AND ADMINISTRATIVELY CLOSING CASE

Pending before this court is Petitioner Morris Mills's "Motion for Stay and Abeyance." Petitioner seeks a stay of his habeas corpus petition in order to pursue unexhausted claims in the Michigan courts. For the reasons set forth below, the court will grant Petitioner's request and will stay the proceedings.

## I. BACKGROUND

On January 26, 2010, Petitioner Morris Mills, a State inmate currently incarcerated at the Michigan Reformatory in Ionia, Michigan, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted by a jury in Wayne County Circuit Court of (1) first-degree murder, Mich. Comp. Laws § 750.316(1)(a), (2) one count of second-degree murder, Mich. Comp. Laws § 750.317, (3) two counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, (4) one count of felon in possession of a firearm, Mich. Comp. Laws § 750.224(f), and (5) felony firearm, Mich. Comp. Laws § 750.227(b). He was sentenced, as a habitual offender to concurrent prison terms of life without parole for the first-degree-murder,

second-degree-murder, and assault convictions.  Petitioner is also serving 525-840 months in prison for the other assault conviction, thirty to fifty years in prison for the felon-in-possession conviction, and a consecutive prison term of two years for the felony-firearm conviction.  In his pro se pleadings, he claims that his counsel was ineffective for failing to object to confusing jury instructions.

Respondent filed a response on August 17, 2010, alleging that "[i]n the body of the petition . . . Petitioner appears to assert additional claims alleging that trial counsel was ineffective."  (8/17/2010, Resp. 7.)  On November 11, 2010, Petitioner filed the instant motion seeking a stay of his habeas proceedings pending exhaustion of additional State remedies contained in his petition.  In his petition, it appears that Petitioner claims that counsel was ineffective in the following ways: (1) he failed to object to improper questions by the prosecutor, (2) he failed to object to improper testimony by certain witnesses, and (3) he failed to properly use peremptory challenges during jury selection.  These claims were never raised in the Michigan appellate courts, and Petitioner is now requesting a stay to permit him to do so.

## II.  DISCUSSION

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all State remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that "state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the State court adjudication of his claims resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this court. Otherwise, the court is unable to apply the standard found at 28 U.S.C. § 2254. To satisfy the exhaustion requirement, a petitioner must present each ground to both Michigan appellate courts. *See Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Furthermore, a federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). For example, stay and abeyance may be appropriate where a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id.* 276. Stay and abeyance is appropriate only when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 277.

Petitioner's claims regarding ineffective assistance of counsel do not appear to be plainly meritless, and he does not appear to have engaged in intentional dilatory tactics. Petitioner has demonstrated diligence in pursuing his appellate review with the State courts. The Michigan Court of Appeals affirmed the conviction, and the Michigan

Supreme Court subsequently denied leave to appeal on October 27, 2008. Petitioner then had ninety days (90) in which to seek a writ of certiorari with the United States Supreme Court, which he did not. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, Petitioner's convictions became final on or about January 26, 2009–ninety days (90) after the Michigan Supreme Court denied leave to appeal. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner then had one year in which to file his federal habeas petition or seek additional State court review—until January 27, 2010—not counting time during appeals. *See* 28 U.S.C. § 2244(d). Petitioner did not seek collateral review of his claims with the State courts after unsuccessfully pursuing direct appeals. Rather, he filed this habeas petition with this court, which he signed on January 21, 2010, and, which was filed with the court on January 26, 2010.

Given such circumstances, the court finds that a stay of this matter is warranted. Petitioner attempted to raise substantially the same issues regarding ineffective assistance of counsel in both the Michigan Court of Appeals and the Michigan Supreme Court. Although Petitioner did not include in his appeals all grounds he now asserts as constituting ineffective assistance of counsel, the general basis for relief was the same. Although Petitioner's inexpert attempt at exhaustion of State remedies may not be the best of causes, it suffices to show good cause. Additionally, Petitioner will likely be barred from pursuing his habeas petition after exhausting State remedies by the one-year limitations period unless a stay is ordered. The limitations period is tolled during the pendency of appeals, but otherwise runs for a cumulative period of one year. 28 U.S.C. § 2244(d). Petitioner has only one day remaining in this period and could be barred from refiling his petition by even the slightest delay. As this court seeks to

4

adjudicate matters on their merits rather than on technical requirements where possible, the court will use its discretion and issue a stay in this case. *See Rhine*, 544 U.S. at 277. In order to avoid undue delay, however, the court will require Petitioner both to pursue his State remedies within thirty (30) days of this order and to return to this court to lift the stay within sixty (60) days of exhausting any and all State court remedies. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

### III. CONCLUSION

IT IS ORDERED that Petitioner Morris Mills's "Motion for Stay and Abeyance" [Dkt. # 8] is GRANTED. Petitioner must pursue any unexhausted State court remedies no later than thirty (30) days following the date of this order. Such stay is not to be construed as a disposition in this matter, and the matter may be reopened merely upon filing notice with the court, without further fee or cost, provided that Petitioner returns to this court to request that the stay be lifted within sixty (60) days of exhausting State court remedies.

IT IS FURTHER ORDERED that the Clerk of Court administratively close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: November 22, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record

on this date, November 22, 2010, by electronic and/or ordinary mail.

               s/Lisa Wagner
               Case Manager and Deputy Clerk
               (313) 234-5522